FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 AUG -5 PM 1:05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

| | |
|---|---|
| R.J. Wilson<br><br>Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.<br><br>Defendant. | Case No. 3:15-cv-961-J-39PDB<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff, R.J. Wilson, ("RJ"), is a natural person who resided in Covington, Georgia, at all times relevant to this action.

2. Defendant, Stellar Recovery, Inc., ("Stellar"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

1

## STATEMENT OF FACTS

5. Before Stellar began contacting R.J., it and R.J. had no prior business relationship and R.J. had never provided express consent to Stellar to be contacted on his cellular telephone.

6. Stellar regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Stellar's revenue is debt collection.

8. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, Stellar contacted R.J. to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. R.J. is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, Stellar has been calling R.J. on his cellular phone in an attempt to collect a debt for another individual.

13. During the initial communication, R.J. notified Stellar that Stellar called the wrong number and communicated his desire that Stellar cease calling him.

14. Despite this communication, Stellar continued to call R.J. on his cellular phone.

15. Stellar's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like R.J.

16. Stellar unreasonably relied upon inaccurate information provided to Stellar by one (1) or more original creditors for whom Stellar was attempting to collect a debt when Stellar called R.J.'s cellular telephone.
17. Stellar's policies and procedures violate the FDCPA.
18. Stellar caused R.J. emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.
20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.
22. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Negligent Violation of the Telephone Consumer Protection Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.

24. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

25. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

26. Defendant used a predictive dialer system to call Plaintiff on his cellular phone.

27. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003);

*see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

28. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *see also In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

29. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *Zyboro v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 504 (S.D.N.Y. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

30. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

31. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

32. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

33. Defendant negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

## COUNT FOUR

**Willful and Knowing Violation of the Telephone Consumer Protection Act**

34. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 and Paragraphs 24 through 32 above as if fully set forth herein.

35. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

36. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation...." 47 U.S.C. § 312(f).

37. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should

have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

38. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

39. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

40. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

41. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his express consent to Defendant to call those telephone numbers.

42. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

7

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:  /s/ H. Karen Gatto
One of Plaintiff's Attorneys

Date: August 4, 2015

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
Hyslip & Taylor, LLC, LPA
8270 Woodland Center Blvd.
Tampa, FL 33614
Phone: 800-675-5507
Email: Kgatto@gattolaw.com